UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:11CV-P591-S

WILLIAM J. DAUGHERTY                                                  PETITIONER

v.

RANDY WHITE, WARDEN                                         RESPONDENT

**MEMORANDUM OPINION**

Petitioner William J. Daugherty filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1). On preliminary consideration of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concluded that the petition appeared to be time-barred and directed Petitioner to show cause why the action should not be dismissed (DN 8). On review of Petitioner's response (DN 9) in conjunction with the petition, the Court concludes that the § 2254 petition is time-barred and must be denied.

I.

The petition, its amendment, and state-court records (attached to the petition and available on the Kentucky Court of Appeals' public website)[1] reveal that following a jury trial in Jefferson Circuit Court, Daugherty was found guilty of first-degree rape, first-degree complicity, and first-degree sodomy by complicity (Criminal Action No. 02-CR-01190-02). On February 6, 2004, he was sentenced to 30 years of imprisonment, and on direct appeal to the Kentucky Supreme Court, his convictions and sentence were affirmed on June 16, 2005.

---

[1] http://apps.courts.ky.gov/Appeals/COA_Dockets.shtm.

On January 10, 2008, Daugherty filed a *pro se* Kentucky Rule of Criminal Procedure (RCr) 11.42 motion, which the trial court denied. He filed an appeal, but on July 16, 2008, the Kentucky Court of Appeals granted his motion to dismiss his appeal. Thereafter, on February 25, 2009, Daugherty filed a second *pro se* RCr 11.42 motion. The trial court denied the motion in March 2009; the Kentucky Court of Appeals affirmed on November 19, 2010, and denied a petition for rehearing on January 21, 2011 (No. 2010-CA-000208-MR); and the Kentucky Supreme Court denied discretionary review on August 18, 2011 (No. 2011-SC-000114-D).

Daugherty then filed his § 2254 petition on October 18, 2011.[2]

## II.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of that Act apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

---

[2]"Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). Daugherty declares under penalty of perjury that his § 2254 petition was placed in the prison mail system on October 18, 2011.

>
>
> the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In the present case, Daugherty's judgment became final on September 14, 2005, the date on which the 90-day period for seeking certiorari review from the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) ("A criminal defendant has only ninety days following the entry of judgment by the 'state court of last resort' in which to file a petition for a writ of certiorari.") (quoting Sup. Ct. R. 13). The limitations period expired one year later on September 14, 2006, and Daugherty's filing of an RCr 11.42 motion in January 2008 did not restart the one-year period for filing a § 2254 petition. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Because Daugherty did not file his § 2254 petition until October 18, 2011, over five years after the expiration of the one-year limitations period, the Court concluded in its show-cause Order that the petition is time-barred under the statute and that he did not allege any circumstances appropriate for applying the doctrine of equitable tolling. *See Holland v. Florida*,

-- U.S. --, 130 S. Ct. 2549, 2560 (2010) (holding that the AEDPA statute of limitations in "§ 2244(d) is subject to equitable tolling in appropriate cases").

In his response to the show-cause Order, Petitioner does not challenge this Court's finding that his petition is untimely under § 2244(d); he instead argues for application of equitable tolling.

## III.

Because § 2254's one-year statute of limitations is not jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205 (2006), it is subject to equitable tolling. *See Holland*, 130 S. Ct. at 2560. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A claim of actual innocence may also justify equitable tolling in certain circumstances. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

In the response to the show-cause Order, Petitioner argues:

> From the understanding I got from a legal aid that there were no limitation when filing in federal court, as long as I maintain my innocences, under the Innocence Act. . . . This is why I took so long to file this 2254 petition, because legal aid, said I should wait until I know what they were going to do with my discretionary review, I was told by legal aid to wait for and answer from them, so I did before filing habeas petition.

> I still remember this trial like it was yesterday how Commonwealth brought in this doctor to explain to the jury how a rape kit works and that they found no physician evidence to prove that it was rape, and that should have been enough grounds for a dismiss, but my attorney said that it was not, so I ask him if this had been a black women who said a white man done this to her, and they were no physician evidence, what would the outcome had been, I was told that the charges would have been dismiss by the judge, if I had been a white man, so the trial went on so now the victim has given five different story about what happen that night on the witness stand, and they let her get away with it because she a white women, now if I had a real attorney, and been white like he said when the doctor said she could not find any Physician Evidence to prove the charge of rape I would be a free man, that is why I file under the Innocence Act, because that is what I am Innocence[.]

(DN 9).

Here, in neither the petition nor the response to the Court's show-cause Order does Petitioner describe any extraordinary circumstance that stood in his way of timely filing the instant petition. He further fails to demonstrate that he has been pursuing his rights diligently.

To the extent he is asserting entitlement to equitable tolling on the basis of actual innocence, "the threshold inquiry is whether 'new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" *Souter*, 395 F.3d at 590 (quoting *Schlup v. Delo*, 513 U.S. 298, 317 (1995)). "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "'To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 324). Petitioner does not argue any "new facts" or present "new reliable *evidence*" that was not presented at trial. Therefore, he is not entitled to equitable tolling on the basis of actual innocence.

Petitioner, therefore, has failed to present circumstances warranting equitable tolling.

Finding Petitioner's § 2254 petition time-barred, the Court will deny the motion and dismiss the action.

## IV.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. at 484.  If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal.  *Id*.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id*.  In such a case, no appeal is warranted.  *Id*.

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable.  Thus, a certificate of appealability must be denied.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: February 8, 2012

Charles R. Simpson III, Judge
United States District Court

cc: Petitioner, *pro se*
4411.005

7